UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| REGINALD ANTHONY CLEMMONS | ) | CASE: A23-51501-WLH |
| | ) | |
| | ) | |
| **DEBTOR** | ) | |

### CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION AND MOTION TO DISMISS CASE

COMES NOW, Nancy J. Whaley, the Standing Chapter 13 Trustee herein, and objects to Confirmation of the plan for the following reasons:

1.

The Debtor's payments under the proposed plan are not current, thus indicating that this plan is not feasible. 11 U.S.C. Section 1325(a)(6).

2.

The Debtor has failed to provide to the Trustee a copy of Schedule 1/C of the 2021 tax return filed with Internal Revenue Service in violation of 11 U.S.C. Section 521(e)(2)(A).

3.

The Trustee requests a copy of the Debtor's 2022 tax return in order to determine the accuracy and veracity of the plan and/or Schedules. 11 U.S.C. Section 521(a)(1), 11 U.S.C. Section 1325(a)(3), and 11 U.S.C. Section 1325(b)(1)(B).

4.

The voluntary petition was filed in the name of Reginald Anthony Clemmons; however, the individual filing bankruptcy is Reginald Anthony Clemmons, Sr. The petition must be corrected to reflect the proper party filing Chapter 13.

5.

The Trustee requests proof of the Debtor's income in order to determine the accuracy and veracity of the plan and/or Schedules. 11 U.S.C. Section 521(a)(1), 11 U.S.C. Section 1325(a)(3), and 11 U.S.C. Section 1325(b)(1)(B).

6.

The Debtor's pay advices indicate that the Debtor's income and payroll deductions differ from Schedule I. The Trustee requests that the Schedules be amended to reflect this income or additional documentation to support the currently filed Schedules be remitted to the Trustee. 11 U.S.C. Section 101(10A), 11 U.S.C. Section 1325(b)(6) and 11 U.S.C Section 1325(a)(3).

7.

The Chapter 13 schedules fail to disclose Debtor's second account, in violation of 11 U.S.C. Section 521.

8.

The Debtor has failed to respond to the business related questions on the Statement of Financial Affairs, which are required for any self-employed person, partner (other than limited partner), or sole proprietor, thereby preventing the Trustee from evaluating feasibility in violation of 11 U.S.C. Section 1325(a)(6) and 11 U.S.C. Section 521(a)(1)(B)(iii).

WHEREFORE, the Trustee moves the Court to inquire into the above objections, deny Confirmation of the Debtor's plan, and to dismiss the case.

This the 29th day of March, 2023.

Respectfully submitted,

/s/_____
Eric W. Roach
Attorney for the Chapter 13 Trustee
State Bar No. 143194

# CERTIFICATE OF SERVICE

Case No:  A23-51501-WLH

I certify that on this day I caused a copy of this Chapter 13 Trustee's Objection To Confirmation And Motion To Dismiss Case to be served via United States First Class Mail with adequate postage prepaid on the following parties at the address shown for each:

**Debtor(s)**

REGINALD ANTHONY CLEMMONS
3379 FLAT SHOALS RD.
APT L2
DECATUR, GA  30034

I further certify that I have on this day electronically filed the foregoing Chapter 13 Trustee's Objection To Confirmation And Motion To Dismiss Case using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

**Attorney for the Debtor(s):**

CLARK & WASHINGTON, P.C.

This the 29th day of March, 2023.

/s/_____
Eric W. Roach
Attorney for the Chapter 13 Trustee
State Bar No. 143194
303 Peachtree Center Avenue, NE
Suite 120
Atlanta, GA 30303
678-992-1201